IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA J. BENFORD,

    Plaintiff,

vs.                                                Civ. No. 00-1758 M/WWD ACE

THE EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY d/b/a MANZANO
DEL SOL GOOD SAMARITAN VILLAGE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Compel Defendant's Answers to Plaintiff's First Set of Interrogatories and Defendant's Responses to Plaintiff's First Request for Production of Documents ("Motion to Compel") (Docket #27). The Motion to Compel seeks full and complete answers to Interrogatories 11 and 12, and production of the documents sought in Requests for Production 1-3, 7, 8, 10-12, 16 and 17. Defendant contends that the Motion to Compel is untimely; that the information sought in Interrogatory #11 is not relevant to any issue raised by Plaintiff's complaint; and that providing the information sought in Int. # 12 would also not be relevant and that providing the information sought would be "excessive, overly broad, and unduly burdensome." With respect to Plaintiff's Requests for Production Nos. 1, 2, 3, 7, 8, 10, 11, 12, 16, and 17, Defendant raises a variety of objections. On the question of whether the instant motion is timely, I find that it is timely. Unfortunately the ineptitude of Plaintiff's counsel was compounded by mistakes on the part of the Court Clerk;

-1-

accordingly, considering the provisions of Fed. R. Civ. P. 1, I find it is "just" to consider the motion as being timely under the circumstances presented.    Rulings on individual items are set out below.

Interrogatory #11.

The allegations in Plaintiff's complaint are consistent with Kayln Johnson's acting as a "hatchet man" (my words, gender disregarded) for Defendant. The information sought is "relevant" in the discovery process.

Interrogatory # 12.

The allegations in Plaintiff's complaint are such as to permit inquiry into the amount of accounts receivable during and following (for a reasonable time) Plaintiff's employment. The extension of the end of the information period from late September, 2000 until February 28, 2001, is "reasonable" under the facts as alleged in the complaint.

Requests for Production # 1, 2, and 3.

There is likely a relationship between the information sought concerning the monthly and year end summary of the accounts receivable for the Manzano del Sol facility only and the accounts receivable issue in the law suit so as to corroborate or refute the information to be provided in Interrogatory #12; accordingly the monthly and year end summary of the accounts receivable for the Manzano del Sol facility only should be produced subject to an appropriate confidentiality order.

Request for Production # 7 and 8.

The allegations in the complaint concerning Kayln Johnson are such that certain items in her personnel file could be relevant to issues in this law suit; however, to determine this, an inspection of the materials produced under Request for Production # 7 and 8 should be conducted by the Court *in camera.* Accordingly, a copy of these materials should be submitted to the undersigned with Bates stamped numbers on each page so as to facilitate reference if certain materials are to be ordered produced to Plaintiff. Such production would be under a appropriate confidentiality order, which should be prepared promptly by the parties and submitted directly to the undersigned.

Request for Production # 10.

No production will be ordered in connection with Request for Production #10 since it is overly broad.

Request for Production #11.

No production will be ordered in connection with Request for Production #11, since the privacy interests of the non-party whose records are sought outweighs any marginal relevance the records might have to the issues in the complaint.

Request for Production #12.

No production will be ordered in connection with Request for Production #12 since it is vague and overly broad.

Request for Production #16.

The objection as to relevance is not well taken. The material sought will be produced.

Request for Production #17.

No production will be ordered in connection with Request for Production #17 since it is overly broad and unduly burdensome.

The production to be made in connection with this order shall be made to Plaintiff on or before July 27, 2001. The materials to be submitted for an *in camera* inspection indicated in connection with Requests for Production #7 and 8 shall be submitted to the undersigned in the form indicated on or before July 23, 2001.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE