IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BARBARA J. BENFORD

    Plaintiff,

vs.                                                                         CIV NO. 00-1758 M/WWD

THE EVANGELICAL LUTHERAN
GOOD SAMARITAN SOCIETY, d/b/a
MANZANO DEL SOL GOOD
SAMARITAN VILLAGE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on a Motion for Summary Judgment by the Defendant The Evangelical Lutheran Good Samaritan Society, d/b/a Manzano del Sol Good Samaritan Village (Manzano) and Defendant Manzano's Motion to Strike Plaintiff's Response to the Motion for Summary Judgment. Having reviewed the moving papers, I find that the Defendant's Motions should be denied except as to Count II, the breach of fiduciary duty claim. I find that there are genuine material issues of fact in this case and that the Motion for Summary Judgment is denied as to Counts I, III, IV, V and VI. Summary Judgment is granted to the Defendant as to Count II of the Complaint. Furthermore, I will not strike Plaintiff's Response to the Motion for Summary Judgment or the Plaintiff's Affidavit for the reasons explained below.

1

**FACTUAL BACKGROUND**

This case was brought by Plaintiff Barbara Benford, a long time employee at the Manzano del Sol Good Samaritan Village. Ms. Benford worked in the business office. She. was fired on September 27, 2000 for allegedly failing to perform her job duties in a satisfactory manner.

Ms. Benford had a consensual, personal and romantic relationship during her employment with Manzano with her supervisor Dan Hames. This relationship began in late 1996 and continued until August of 1998. The fact of the relationship allegedly became known by Manzano employees and was brought to the attention of Dan Hanson, the regional Director for facilities operated by the Defendant such as Manzano. Mr. Hanson was Dan Hames' immediate supervisor.

Dan Hanson met with Plaintiff Barbara Benford in August of 1998 and had a conversation with her concerning her relationship with Mr. Hames and her employment at Manzano. As a result of that conversation and decisions made by Mr. Hanson, Mr. Hames was transferred to another facility operated by the Defendant in another state and Ms. Benford and Mr. Hames terminated their relationship. Barbara Benford continued to work at Manzano in the business office. Kayln Johnson was transferred from another Evangelical Lutheran Good Samaritan Society facility to Manzano to replace Mr. Hames.

Ms. Benford did not get along well with Kayln Johnson, her new supervisor. The fact of the former relationship between Ms. Benford and Mr. Hames allegedly continued to be mentioned among employees at Manzano and communicated to Ms. Johnson.

Manzano began to have problems with its accounts receivables aging. Ms. Johnson noted that Ms. Benford was not managing the business office according to the standards of the

Evangelical Lutheran Good Samaritan Society. Ms. Johnson gave Ms. Benford a formal disciplinary action form concerning problems in the business office on September 15, 2000. Approximately two weeks later, Ms. Benford's employment with Manzano was terminated.

Manzano was involved in a separate litigation called the Skofield litigation during the time that Ms. Johnson was supervising Ms. Benford. A request for documents had been received from that litigation and passed onto the Manzano business office. Allegedly there was a discussion between Ms. Johnson and Ms. Benford as to the onerous burden of this production of documents and the possibility of shredding some documents. The documents were ultimately produced. Ms. Benford also gave a deposition in that litigation after her termination from Manzano.

## STANDARD OF REVIEW

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). Initially, the moving party bears the burden of showing the absence of a genuine issue of material fact. *Celotex Cop. v. Catrett*, 477 US 317, 325 (1986). Only then does the burden shift to the non moving party to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56 (e). This may be done through reference to the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Fed. R. Civ. P. 56 (c).

The Court's role in a Summary Judgment motion is to determine whether a genuine issue exists as to one or more material facts. In making this determination, the court must construe the

facts presented by the parties in the light most favorable to the non-moving party. *Magnum Foods Inc., v. Continental Casualty Co.*, 36 F.3d 1491, 1497 (10th Cir. 1994).

## DISCUSSION

I have determined that there are several genuine issues of fact which will need to be resolved by a trier of fact. First, and probably foremost, is the issue of the existence of an alleged employment contract between Manzano and Ms. Benford. I have read the deposition of Ms. Benford and her affidavit and find that there is a material issue of fact presented as to the conversation between Mr. Hanson and Ms. Benford and its meaning which will need to be resolved. Secondly, there are issues as to the alleged failure of Ms. Benford in managing the business office of Manzano in a satisfactory manner. There is contradictory evidence presented in the depositions as to the management of the office, the responsibility for the duties of the business office, communications between the business office and management and the assigned tasks of Ms. Benford. Thirdly, there is the issue of the Skofield litigation, the meaning of the discussion between Ms. Johnson and Ms. Benford about the production of documents and the possible implications of Ms. Benford's testimony in the pending litigation. I agree with the Plaintiff that there are several material issues of fact which are in dispute. Summary judgment cannot be granted because of the existence of these material issues of fact.

Defendant has argued that under the substantive law of New Mexico, that as a matter of law there can be no employment contract under the facts presented in this case. The established common law of New Mexico presumes that employees are terminable at will, meaning that they can be discharged at any time for any cause or for no cause at all. *Hartbarger v. Frank Paxton*

4

*Co.*, 115 N.M. 665, 857 P.2d 776 (1993). The two exceptions to this presumption of employment at will are a wrongful discharge in violation of public policy or an express or implied contract that would restrict the employer's power to discharge the employee. *Id.* at 668. "The question of whether an employment relationship has been modified is a question of fact." *Id.* at 669. In *Kestenbaum v. Pennzoil Co.*, 108 N.M. 20, 766 P.2d 280 (1988), the New Mexico Supreme Court held that oral statements made by an employer to an employee may, under some circumstances, be sufficient to create an implied contract of employment. Reviewing the evidence in that case, the Court found that there was substantial evidence to support the jury's finding that an implied contract of employment existed and that therefore the employee could only be terminated for cause. The Court emphasized that the trier of fact must look to the totality of the circumstances, given the parties' situation and objectives, to determine whether in fact an implied contract of employment exists. *Id.* at 26.

In this case, the alleged implied contract of employment arises from a private conversation between Mr. Hanson and the Plaintiff which occurred as a result of Mr. Hanson's knowledge of the relationship between Ms. Benford and her supervisor. Whether an implied contract of employment arose from this conversation will depend on the totality of circumstances surrounding this conversation and the situation, objectives and behavior of the parties. This issue will need to be determined by a trier of fact.

The majority of the complaint is premised upon an initial finding that the Defendant had entered into a contract of employment with Ms. Benford. However the retaliatory discharge claim (Doc. No. 1, Complaint, Count V) stands alone, regardless of a factual finding of an implied contract of employment. The Plaintiff argues that her termination may have occurred because of

5

her knowledge of practices of the business office or her actions in not shredding requested documents in the Skofield litigation.  These are material issues of fact which have been raised in the pleadings and in the process of discovery.  I find that there are sufficient issues of material fact to preclude a summary judgment on the issue of retaliatory discharge.

However,  as to Count II, the Breach of Fiduciary Duty, the Plaintiff has abandoned this claim by failing to address them in her Response Brief.  Furthermore, I find that there are no issues of material fact presented to me in the pleadings, the affidavits, the depositions or the interrogatories which would lead me to conclude that a fiduciary relationship existed in this case.  Therefore, having found no material issues of fact concerning this Count, I  find that summary judgment should be granted as to the claims raised in Count II of the Complaint.  (Doc. No. 1, Complaint, p. 14)

Having reviewed the other claims of relief brought in the Complaint -  a claim of fraud, negligence, negligent misrepresentation in Count III, intentional infliction of mental anguish  in County IV and a claim or prima facie tort  in Count VI - I find that summary judgment is not appropriate at this time as to any of these Counts.  The moving documents present material issues of fact which could arguably used in support of these various claims of relief.  Therefore, I will not grant summary judgment at this time on the above mentioned Counts.

In conclusion, Summary Judgment is granted as to Count II, alleging a breach of fiduciary duty, but is denied as to Counts I, III, IV, V and VI because there are genuine issues of material fact which need to be decided by the trier of fact to resolve these claims.

# MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND THE PLAINTIFF'S AFFIDAVIT

Defendant has moved to strike Plaintiff's Response Brief because it does not conform to the local rules of this Court has moved to strike the Plaintiff's Affidavit because it contradicts her earlier sworn testimony. Having reviewed the Motion, the Defendant's Brief and the Plaintiff's Response I find that the Motion to Strike is not well taken and will be denied.

The purported violations of the local rules in the Plaintiff's Response Brief were minor and did not affect the Court's ability to review the moving papers. Therefore, I find that the Motion to Strike is not well taken.

The Plaintiff's Affidavit filed with her Response to the Defendant's Motion for Summary Judgment comports with Fed. R. Civ. P. 56 (e). The Federal Rules of Civil Procedure require that opposing affidavits "shall be made on personal knowledge" and shall contain facts that would be admissible in evidence. The opinions of Ms. Benford offered to explain her understanding of the conversation between Mr. Hanson and her conform to Rule 701(a) because they were based on her perceptions of the conversation. I find that the most of the statements made by Ms. Benford and based on her personal knowledge contained in the affidavit augment the testimony recorded in the deposition and the answers to the Interrogatories. There may be statements in the affidavit which are hearsay (repeating Bessie Tudor's deposition statements for example). Disregarding those statements, as opposed to striking the entire affidavit, I find that the affidavit conforms to the Federal Rules of Civil Procedure 56(e) and shall not be stricken.

## CONCLUSION

In conclusion, I find that there are genuine material issues of fact that need to be tried by a finder of fact. The Defendant's Motion for Summary Judgment is denied as to Counts I, III, IV, V and VI. The Defendant's Motion for Summary Judgment is granted as to Count II. The Defendant's Motion to Strike the Plaintiff's Response and the Plaintiff's Affidavit is denied.

_____

SENIOR UNITED STATES JUDGE